UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MACK AL GREEN,

Civil No. 00-819 (JRT/JMM)

Petitioner,

v.

**ORDER**

FEDERAL BUREAU OF PRISONS, R.L. STIFF, Warden, WENDY J. ROAL, Administrator, PAM AGRIMSON, Case Manager, D. TOMCHE, Unit Manager, KATHERINE HAWK SAWYER, Director of BOP, and R. LAMMI, Counselor,

Respondents.

Petitioner, a federal prisoner, commenced this action by filing an application for leave to proceed in forma pauperis, ("IFP"), and a document entitled "Appointment of Counsel Pursuant to 18 USC § 3006A(1)(I)." Because Petitioner did not submit anything else that was readily identifiable as a pleading, the Clerk of Court evidently felt compelled to construe the "Appointment of Counsel" document as a "Complaint," and it has been filed as such. (Docket No. 1.) Upon more careful inspection, however, it clearly appears to the Court that Petitioner is seeking to expedite his release from prison, by securing an order that would make him eligible for the early release program provided by 18 U.S.C. § 3621(e)(2)(B). Because Petitioner is challenging the duration of his confinement, his claims for relief must be brought in a habeas corpus proceeding initiated pursuant to 28 U.S.C. § 2241. See Otey v. Hopkins, 5 F.3d 1125, 1130 (8th Cir.) ("[w]hen a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action"), cert. denied, 512 U.S. 1246 (1994).

FILED APR 05 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petitioner's present submission, (the "Appointment of Counsel" document), cannot be entertained as a request for habeas corpus relief, because it has not been submitted on the habeas corpus petition form prescribed for use in this District. See Rule 2(c) of The Rules Governing Section 2254 Cases in the United States Districts Courts[1] and Local Rule 9.3. Because Petitioner has not complied with the applicable rules, his petition will be returned to him pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States Districts Courts. The Clerk will be directed to provide Petitioner with a copy of the prescribed form, (i.e., a § 2241 habeas corpus petition form), and Petitioner will be given an opportunity to file an entirely new petition on the correct form. If he does not file a properly completed habeas corpus petition, using the correct form, by May 1, 2000, it will be recommended that this action be summarily dismissed, without prejudice, for failure to prosecute. See Fed.R.Civ.P. 41(b).

Because Petitioner's "Appointment of Counsel" document is being returned to him, the Court will not consider any of the requests for relief set forth in that submission. Therefore, if Petitioner wants the Court to appoint counsel for him in this matter, he will have to present his request in a separate motion. Such a motion may be filed with Petitioner's § 2241 habeas corpus petition.[2]

---

[1] Although Petitioner is a federal prisoner who must seek relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases may still be applied to his petition. See Rule 1(b).

[2] Petitioner should not mistakenly believe that counsel will automatically be appointed upon request. In fact, requests for appointment of counsel in habeas corpus proceedings are rarely granted.

Finally, the Court concludes that Petitioner is eligible for IFP status. His "Application To Proceed Without Prepayment of Fees," (Docket No. 2), will therefore be granted, and he will be excused from paying the five dollar filing fee that is normally required upon commencement of a habeas corpus proceeding. See 28 U.S.C. § 1914(a).

IT IS THEREFORE ORDERED THAT:

(1) Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return to Petitioner the document entitled "Appointment of Counsel Pursuant to 18 USC § 3006A(1)(I)," (Docket No. 1), while retaining a copy of that document for the district court's file;

(2) The Clerk of Court shall send to Petitioner, with his copy of this Order, a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2241;

(3) By no later than May 1, 2000, Petitioner shall file an entirely new habeas corpus petition on the prescribed form;

(4) If Petitioner does not submit a habeas corpus petition that complies with the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed.R.Civ.P. 41(b); and

(5) Petitioner's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), is GRANTED.

Dated: April 5, 2000

JOHN M. MASON
United States Magistrate Judge