UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MACK AL GREEN,

Petitioner,

v.

FEDERAL BUREAU OF PRISONS, R.L. STIFF, Warden, WENDY J. ROAL, Admin., PAM AGRIMSON, Case Mgr., KETHERINE HAWK SAWYER, Director of BOP, and R. LAMMI, Counselor,

Respondents.

Civil No. 00-819 (JRT/JMM)

ORDER

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 5), claiming that he is entitled to an expedited release from federal prison.

The Respondents are directed to make a return in writing on or before July 17, 2000, certifying the true cause for the expected duration of Petitioner's confinement and showing cause why the writ should not be granted.

The return shall be filed with the Court and shall include:

1) Such affidavits and exhibits as are needed to show why Petitioner should not be granted the relief he is seeking in his petition;

2) A reasoned memorandum of law and fact fully stating Respondents' legal position on the claims presented in the petition, as well as Respondents' recommendation as to the need for this Court to conduct an evidentiary hearing on the merits of the petition in the light of statutory requirements and other pertinent authority;

FILED JUN 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

3) Certified copies of all court documents and/or prison records that may be material to the issues raised by the petition.

The Court will entertain a motion to grant the relief requested in the Petition if a written response is not filed by July 11, 2000, as required by this Order.

Also before the Court at this time is Petitioner's motion for appointment of counsel. (Docket No. 8.) Indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Petitioner has the threshold ability to articulate his claims and to argue his positions. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Petitioner. Accordingly, Petitioner's request for counsel will be denied.

Finally, Petitioner has filed an "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 9), by which he seeks leave to proceed in forma pauperis ("IFP"). However, Petitioner has already been granted IFP status in this matter

pursuant to an earlier IFP application. (See Order dated April 5, 2000; [Docket No. 3].) Furthermore, it appears that he has already paid the full $5.00 filing fee for this action. The latest IFP application will therefore be denied as moot.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondents shall file a written return to Petitioner's habeas corpus petition, consistent with the terms of this order, by July 17, 2000.

2. Petitioner's motion for appointment of counsel, (Docket No. 8), is DENIED; and

3. Petitioner's "Application to Proceed Without Prepayment of Fees and Affidavit," (Docket No. 9), is DENIED AS MOOT.

Dated: June 26, 2000

JOHN M. MASON
United States Magistrate Judge