**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MACK AL GREEN ,

Plaintiff,

v.

BUREAU OF PRISONS;
R.L. STIFF, Warden;
WENDY ROAL, Administrator;
PAM AGRIMSON, Case Manager;
D. TOMCHE, Unit Manager;
KATHERINE HAWK-SAWYER,
Director; and R. LAMMI, Counselor.

Defendants.

Civil No. 00-819 (JRT/JMM)

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

---

Mack Al Green, #08048-041, Federal Correctional Institution, Box 1500, Waseca, Minnesota 56093, *pro se.*

Jeffrey S. Paulsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for defendants.

This matter is before the Court on the motion of plaintiff Mack Al Green for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B). This section provides that whenever the Court determines that the interests of justice so require, the Court may

FILED SEP 2 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

appoint counsel for any financially eligible person who seeks relief under, among other statutes, 28 U.S.C. § 2241. Plaintiff's underlying action was brought under § 2241.

The Court also has the power to appoint counsel for defendant under 28 U.S.C. § 1915(e)(1), which provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent inmates do not have a constitutional or statutory right to counsel in civil cases, including civil rights cases. *See Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Rather, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. *See Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982); *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986).

Among the factors the Court considers in determining whether to appoint counsel are the factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of the legal issues, and whether both the plaintiff and the Court would benefit from representation by counsel for both parties. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In the present case, the Court finds that neither the facts nor the legal issues raised are so complex as to warrant appointment of counsel. They have been well-articulated and clearly explained by plaintiff in numerous filings to this Court and the Magistrate Judge. The Court finds that plaintiff has demonstrated his ability to present his claims and argue his legal positions, and is therefore capable of representing himself. Furthermore, the Court cannot conclude that appointment of counsel would substantially benefit both plaintiff and the Court.

Although plaintiff has claimed that he is unable to effectively investigate his case because the prison would not allow him to receive one cassette tape, the Court does not find that this factor has substantially impaired plaintiff's overall ability to present his case. *See Johnson*, 788 F.2d at 1323 ("[T]he weight to be given any one factor will vary with the case.")

Accordingly, the Court determines that the interests of justice do not require that counsel be appointed for plaintiff.

Based on the above, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Docket No. 18] is hereby **DENIED**.

DATED: Sept. 28, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge