**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MACK AL GREEN,

Petitioner,

v.

BUREAU OF PRISONS,[1]

Respondent.

Civil No. 00-819 (JRT/JMM)

**MEMORANDUM OPINION AND ORDER**

Mack Al Green, #08048-041, Federal Correctional Institution, Box 1500, Waseca, Minnesota 56093, *pro se*.

Jeffrey S. Paulsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for respondent.

Petitioner Mack Al Green ("Green") has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This Court previously dismissed one of the three grounds in Green's petition on the merits, and dismissed the remaining two grounds because they were not properly exhausted. This matter is now before the Court on Green's "Motion to Reconsider," in which he presents the now-exhausted claims for consideration on the merits.

[1] In an Order dated January 29, 2001, this Court dismissed all the other respondents in this case. *See Green v. Bureau of Prisons*, Civ. No. 00-819, slip op. at 4, 10 (D. Minn. Jan. 29, 2001).

FILED NOV 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 12 2002
DEPUTY CLERK

## BACKGROUND

Green is an inmate at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"). He pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), and on July 10, 1998 was sentenced to 70 months of confinement, followed by four years of supervised release. His projected release date is November 22, 2002.

When an inmate is assigned to a federal prison, the prison must determine what level of security and custody is appropriate for that individual. To do this, the prison uses Bureau of Prisons Program Statement 5100.07, Security Designation and Custody Classification Manual ("BOP Program Statement"). Some federal inmates may be assigned a "public safety factor" ("PSF"), which is designed to ensure that inmates are placed in a facility with the appropriate level of security, based on the inmate's demonstrated past or present behavior. When considering whether to assign a PSF, prison officials review official documentation of the inmate's criminal history, including pre-sentence investigation reports prepared for sentencing.

Green's prior criminal history was discussed in his pre-sentence investigation report. It included a state criminal charge, to which Green eventually pleaded guilty, for receiving profit derived from prostitution. The report noted that Green arranged to prostitute a minor girl to an undercover police officer. Based on this information, officials at FCI-Waseca gave Green the PSF of "sex offender." This designation is significant, because an inmate with a sex offender PSF cannot be placed in a community corrections center, commonly known as a "half-way house." Such placement is a prerequisite for successfully completing the Bureau of Prisons' Residential Drug Abuse

Treatment Program ("RDAP") and becoming eligible for early release under 18 U.S.C. § 3621(e).

In 2000, Green filed a petition for habeas corpus under 28 U.S.C. § 2241. This petition contained three grounds, only one of which had been properly exhausted. That claim – Ground One – alleged due process violations, and the Court dismissed it on the merits in an Order dated January 29, 2002. *See Green v. Bureau of Prisons*, Civ. No. 00-819, slip op. at 6-7 (D. Minn. Jan. 29, 2002). Grounds Two and Three alleged that Green's PSF designation violated his rights to equal protection, and that the designation violates the Ex Post Facto clause of the federal Constitution and the Administrative Procedure Act. Because those two grounds were not exhausted, the Court dismissed them without prejudice. Green now files his "motion to reconsider," asking the Court to address those grounds on the merits.[2]

## ANALYSIS

### I. Ground Two – Equal Protection

Green argues that assigning him the sex offender PSF violated his right to equal protection. In support, Green mentions the situation of another inmate, Buddy Lester Hall ("Hall"), whom Green claims received better treatment because he was white. Although the materials that Green submits are not entirely clear, it appears that Hall was placed in a community corrections center despite having committed a violent crime,

[2] It would have been more appropriate for Green to bring these grounds in a new § 2241 petition. However, no rule prevents the Court from considering these grounds in petitioner's self-styled motion.

kidnapping a child. Green, who is African-American, argues that like Hall, he should be placed in a community corrections center so he can complete the RDAP program.

Green's equal protection argument fails because he has not alleged that he was treated differently than any person similarly situated to him. *See Zacher v. Tippy*, 202 F.3d 1039, 1046 (8th Cir. 2000); *Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir. 1996). From the record, it appears that Hall was serving a sentence for being accessory to a kidnapping, and nothing in the record indicates that Hall received a "sex offender" PSF. Because Green has not shown that Hall or any other individual is similarly situated, Ground Two of Green's petition must be denied.

**II. Ground Three Ex Post Facto Clause & Administrative Procedure Act**

Green contends that his sex offender classification violates the Ex Post Facto Clause of the U.S. Constitution, and that the Bureau of Prisons violated the Administrative Procedures Act in promulgating the Program Statement that governs assignment of Public Safety Factors.

Green first alleges that the Bureau of Prisons violated the Ex Post Facto Clause by classifying him as a sex offender. "To fall within the *ex post facto* prohibition, a law must be retrospective – that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it . . . by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citation and quotation marks omitted). Here, Green has not shown that any new law was applied to him retroactively. Moreover, the sex offender PSF does not alter the

definition of Green's criminal conduct, nor does it increase the punishment for his crime. This Court held in its January 2002 Order that Green had no liberty interest in the early release program. *See Green v. Bureau of Prisons*, Civ. No. 00-819, slip op. at 6-7 (D. Minn. Jan. 29, 2002). Because he has no such interest, the denial of early release does not increase his punishment. Therefore, Green's Ex Post Facto allegations must fail.

Green next alleges that his assignment of the sex offender PSF is invalid because the Bureau of Prisons promulgated the Program Statement governing PSFs[3] without following the Administrative Procedure Act's notice and comment requirements. The United States Supreme Court has recognized, however, that BOP Program Statements are merely "internal agency guideline[s]," and are not "subject to the rigors of the Administrative Procedure Act, including public notice and comment." *Reno v. Koray*, 515 U.S. 50, 61 (1995). *See Grassi v. Hood*, 251 F.3d 1218, 1220 (9th Cir. 2001) (quoting *Koray*); *Egan v. Hawk*, 983 F. Supp. 858, 861 (D. Minn. 1997). *See also Henrickson v. Guzik*, 249 F.3d 395, 398 (5th Cir. 2001). Therefore, this argument is also unavailing.

Finally, Green argues that the BOP Program Statement is invalid because it "creates a categorical exclusion inconsistent with the plain meaning of the statute." (Mot. to Reconsider at 6.) This argument also fails. First, the U.S. Supreme Court has specifically held that the Bureau of Prisons can categorically exclude inmates from early release under 18 U.S.C. § 3621(e) based on their pre-conviction conduct. *Lopez v. Davis*,

---

[3] This is Program Statement 5100.07.

531 U.S. 230, 240-44 (2001)d. at 240-44. Therefore, in Green's case, the Bureau of Prisons acted within its authority by denying him early release based on his PSF. Second, Green has not explained how the Program Statement is inconsistent with § 3621(e). The relevant Program Statement, PS 5100.07, provides that inmates with a sex offender PSF must be housed in at least a "low" security institution. This precludes inmates like Green from being housed in a community corrections center, and therefore prevents him from successfully completing the RDAP program. However, even if Green did successfully complete the program, the Bureau of Prisons would not be required to grant him early release. Section 3621(e) provides that the "period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may** be reduced by the Bureau of Prisons . . . ." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). Thus, even if Green did not have a sex offender PSF and successfully completed the RDAP, the Bureau of Prisons "'may,' but also may **not**, grant [him] early release." *Lopez v. Davis*, 531 U.S. 230, 239 (2001) (emphasis original). For these reasons, Green's claims in Ground Three must be denied.

**III. Americans with Disabilities Act and Rehabilitation Act Claims**

In a supplement to his motion, Green argues that his prohibition from participating in the community corrections aspect of RDAP violates the Americans with Disabilities Act and the Rehabilitation Act of 1973. These grounds were not included in Green's petition, and he has clearly not exhausted his administrative remedies on them. Green argues that the Court should nevertheless consider his claims because his release date is

impending, and there is not enough time to properly exhaust these claims. After examining Green's supplemental arguments, the Court finds that even if these claims were properly before the Court, they would be without merit. The gravamen of these allegations is that Green was discriminatorily denied his right to participate in the full RDAP program, including living in a community corrections center. (*See* 4/20/02 Supplement at 5 ("The BOP has discriminated against the Petitioner when his peers with the same disabilities have received the full benefits of [Section] 3621(e) . . . .").) Like Green's due process allegations, this claim presumes that Green has some inherent right or "liberty interest" in being released early. The Court has already determined, however, that he has no such interest. *Green v. Bureau of Prisons*, Civ. No. 00-819, slip op. at 6-7 (D. Minn. Jan. 29, 2002). Early release pursuant to § 3621(e) is entirely at the Bureau of Prisons' discretion. *Id. See* Part II.B.1. Therefore, the very premise of Green's disability discrimination allegations is faulty; the statutory provisions he cites give him no liberty interest that can be discriminatorily denied, even if he is a qualified person with a disability. Therefore, even if Green's claims were properly presented, they would fail.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Reconsider Writ of Habeas Corpus as to Grounds Two and Three [Docket No. 36] is **DENIED** and Grounds Two and Three of the motion are **DISMISSED WITH PREJUDICE**.

2. Petitioner's Motion for Status of Motion for Reconsideration [Docket No. 41] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Nov. 12, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge